**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LEIGH ANN DEYTON,

        Plaintiff,

vs.                                                    Case No. 3:13-cv-822-J-32PDB

STATE FARM AUTOMOBILE INSURANCE
COMPANY, etc.,

        Defendant.

**ORDER**

This case came before the Court for a hearing on October 21, 2014 on the Court's Order to Show Cause directing plaintiff's counsel, Kelly B. Hampton, Esquire, to show cause as to why he should not be held in contempt for failing to respond to prior Court Orders. See Order to Show Cause (Doc. 22). Mr. Hampton did appear at the hearing and explained the various mishaps that apparently led to his failure to respond to the Court's Orders or to otherwise attend to the case until the Court had the U.S. Marshal serve him with the Court's third Order to Show Cause. The record of the hearing is incorporated by reference and the Court will not, therefore, recite what transpired.

The Court finds Mr. Hampton's explanations given at the hearing to be deficient. Even if Mr. Hampton's difficulties with his email and phone calendaring system explain why he was not aware of all of the Court's Orders (Orders sent to an email address Mr. Hampton himself registered with this Court and had listed with The Florida Bar as recently as the date of the hearing), they do not address how a lawyer, knowing that the Court had entered an

Order directing him to show cause to demonstrate why he should not be sanctioned, could fail to even check the docket to see what had happened (particularly in a case in which counsel knew his opposing counsel had filed a motion for sanctions months earlier). At best, Mr. Hampton demonstrated negligent conduct in the practice of law. However, as Mr. Hampton is no longer a member of the Bar of this Court, the Court finds it unnecessary to refer him to this Court's Grievance Committee. Nonetheless, should Mr. Hampton seek readmission to this Court in the future, he will first be required to undergo a consultation with The Florida Bar's Law Office Management Assistance Service (LOMAS) to ensure that his office practices will permit him to competently represent his clients in this Court.[1] The Court's Orders to Show Cause (Docs. 16, 18, 22) are **discharged**.

Turning now to defendant's motion for sanctions (Doc. 13), in an earlier Order (Doc. 16), the Court granted the motion to the extent it dismissed plaintiff's case without prejudice, reserving jurisdiction to determine whether the attorney's fees and costs to be awarded pursuant to Federal Rule of Civil Procedure 37 should be borne by plaintiff or Mr. Hampton. See Fed. R. Civ. P. 37(d)(3) ("Instead of or in addition to [other] sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.") (emphasis added). While Mr. Hampton advised the Court that he was unaware that his client would twice fail to appear at her deposition, counsel failed to promptly seek leave to withdraw from

---

[1] Upon seeking readmission, counsel should provide a certificate to the Clerk demonstrating compliance and attaching a copy of this Order.

the case once he realized his client was no longer in communication with him, which occurred a full month before defendant filed the sanctions motion. Moreover, defendant's motion represents that its counsel advised Mr. Hampton of its intention to seek sanctions well before the motion was filed, and attempted (without success) to confer with him regarding outstanding discovery, including mandatory initial disclosures which were, at that point, already several months overdue. See Fed. R. Civ. P. 37(c)(1)(A) (authorizing award of attorney's fees and costs as a sanction for failure to provide initial disclosures). Upon review, the Court finds defendant has been disadvantaged by counsel's failure to properly respond to discovery and, in accordance with the Court's authority under Rules 37(c)(1)(A) and (d)(3), counsel himself should be made to pay defendant's reasonable attorney's fees and costs associated with plaintiff's failure to participate in the discovery phase of this lawsuit, which failure was not "substantially justified" within the meaning of Rules 37(c)(1) and (d)(3). According to defendant's counsel affidavit, defendant incurred $2,150.00 in attorney's fees and $660.00 in costs associated with plaintiff's failure to attend the properly-noticed depositions and in pursuing the motion for sanctions. The Court finds these sums to be reasonable.[2]

---

[2]At the hearing, plaintiff's counsel did not object to the amount of fees and costs sought, but did request that the Court limit the fees and costs to those associated with the discovery violations (as opposed to the fees and costs for the entire defense of the case). The Court has done so.

Accordingly, it is hereby

**ORDERED**:

Pursuant to the Court's authority under Federal Rule of Civil Procedure 37(b)(2)(C), defendant's motion for sanctions (Doc. 13) is further **GRANTED** to the extent that the Court directs Kelly B. Hampton, Esquire, to pay the total sum of **$2,810.00** payable to defendant's counsel's trust account no later than **January 8, 2015**.  Plaintiff's counsel shall promptly thereafter file a certificate that he has complied with this Order.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of November, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
counsel of record

and additionally by email to
Kelly B. Hampton, Esq. at
khampton@f-h-law.com

Clerk of Court